Scileppi, J. (dissenting).
I dissent and vote to affirm on the ground that the result reached by the majority is an unnecessary extension of our decision in People v. Montgomery (24 N Y 2d 130).
In Montgomery we held that a defendant must be informed of his right to an appeal and upon his mere assertion that he *97 did not receive such information a hearing should be had to determine the question.
As the majority stated in Montgomery (at p. 132): “Our decision, very simply, demonstrates a fundamental concern that defendants be informed of their right to appeal, and that, where an attorney, whether assigned or retained, fails to apprise his client of this vital privilege, there is no justification for making the defendant suffer for his attorney’s failing.” (emphasis added).
In the instant case the defendant received a Montgomery-type hearing and the court found that he was informed of his right to an appeal. It is evident from the opinion in Montgomery that our decision therein was based on the fact that “ there is no justification for making the defendant suffer for his attorney’s failing”. Where, however, such as in the instant case, it is clear that the sole reason for the untimeliness of the defendant’s appeal was not caused by any failure of his attorney to inform him of that right or by any ignorance on his part of the procedures to be followed, but rather by his own lack of due diligence, it is my opinion that such inaction, when - coupled with such knowledge, should be viewed as an effective waiver of his right to appeal.
Accordingly, the order appealed from should be affirmed.
Chief Judge Full and Judges Burke, Bergan and Breitel concur in memorandum; Judge Soileppi dissents and votes to affirm in an opinion in which Judge Jasen concurs; Judge Gibson taking no part.
Order reversed, etc.